# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MANNA MASSAQUOI,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:17-938** |
| **v.** | : | **(MANNION, D.J.)** |
| | | **(ARBUCKLE, M.J.)** |
| **SERGEANT J. McCONAUGHEY,** *et al.,* | : | |
| | : | |
| **Defendants** | | |

## ORDER

Presently before the court is the report and recommendation ("Report") of Magistrate Judge William I. Arbuckle, (Doc. 61), which recommends that a motion to dismiss, (Doc. 54), filed by the fifty-five defendants in this case, (collectively "Defendants"), be granted.[1] The plaintiff Manna Massaquoi ("Massaquoi") filed a "Notice of Appeal," which this court will construe as objections to the Report. (Doc. 62).[2]

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of

---

[1] Defendants include the Pennsylvania Department of Corrections and fifty-four of its employees.

[2] Attached to his objections are two additional motions: a motion for application of *in forma pauperis* and continuation of *in forma pauperis* status and a motion for appointment of counsel. (Doc. 62-1, at 1-3). As explained below, these motions will be dismissed as moot.

the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

Even where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

On May 20, 2017, Massaquoi initiated the instant action with a three-page complaint, alleging that Defendants, among other things, violated his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (Doc. 1). Massaquoi simultaneously filed a motion to proceed *in forma pauperis*. (Doc.

2). On August 8, 2017, Judge Arbuckle issued an order granting Massaquoi's motion and additionally reviewed the complaint pursuant to the screening procedures of 28 U.S.C. §1915(e) that are applicable to *in forma pauperis* complaints. (Doc. 13). Based upon his review, Judge Arbuckle concluded that the complaint failed to state a claim upon which relief could be granted and permitted Massaquoi twenty-eight days to cure the noted deficiencies through an amended complaint. After requesting and receiving numerous extensions of time, Massaquoi filed an amended complaint on April 3, 2018, which consisted of 138 paragraphs of allegations against Defendants relating to all aspects of his incarceration at the State Correctional Institution at Smithfield. (Doc. 27).

By verbal order dated November 14, 2018, the case was reassigned to the undersigned judge. On April 19, 2019, Defendants filed the present motion to dismiss, arguing that the amended complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 54). Defendants additionally argued that dismissal was appropriate because Massaquoi failed to allege a causal connection between his filing of grievances and the numerous adverse actions he alleges occurred. Massaquoi did not file a brief in opposition.

In his Report, Judge Arbuckle conducted an extensive and thorough review of the merits of each of Massaquoi's claims against each Defendant, including one in which Massaquoi fails to identify any defendant actor, and recommends that each be dismissed pursuant to Rule 12(b)(6). Judge Arbuckle separately addressed Massaquoi's four alleged instances of retaliation and concluded that these claims should be dismissed due to Massaquoi's failure to allege that Defendants took any specific adverse action in response to his filing of grievances. At most, Judge Arbuckle observes that Massaquoi alleges that he had a difficult relationship with prison staff and that he filed grievances as a prisoner, but he has not alleged anything to support a causal connection between the two.

Additionally, because Massaquoi failed file a brief in opposition to the motion to dismiss, Judge Arbuckle conducted a *Poulis* analysis of the amended complaint to determine whether dismissal is appropriate under Federal Rule of Civil Procedure 41 for failure to prosecute. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 870 (3d Cir. 1984) (setting forth five favors that courts should weigh in order to assure that the "extreme" sanction of dismissal or default is appropriate).[3] Judge Arbuckle determined

---

[3] These factors include the following: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the

*(footnote continued on next page)*

that each of the six *Poulis* factors weighed in favor of dismissal, particularly in light of Massaquoi's repeated and intentional disregard for the court's instructions.

Finally, Judge Arbuckle recommends that Massaquoi not be granted further leave to amend because to do so would be futile where Massaquoi's amended complaint contains the same deficiencies that were pointed out to him by the court in its screening of his original complaint. Accordingly, for all these reasons, Judge Arbuckle recommends this court grant Defendants' motion to dismiss with prejudice or, in the alternative, dismiss the amended complaint for failure to prosecute under Rule 41, and in either case to deny leave to amend.

In Massaquoi's filing that this court is construing as objections to the Report, he does not identify any specific errors in the Report. Instead, Massaquoi merely states that he wishes to appeal Judge Arbuckle's Report to the Third Circuit and that, because he is "currently struggling in preparation of his first pro-se civil (14-4466) jury trial with jury selection scheduled to

---

failure to meet scheduling orders and respond to discovery; (3) whether there is a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of a sanction other than dismissal, including analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* at 868.

commence on 2-24-20," he "will not be able to attain [sic] to any other proceedings until after the civil jury trial." (Doc. 62, at 1).

Here, given their general nature, the court is unable to specifically address Massaquoi's objections to the Report. Nevertheless, the court has conducted a *de novo* review of the entire Report, the pleadings, and the other filings of record, as well as applicable law in this case, and the court agrees with the Judge Arbuckle's sound reasoning which led him to his recommendation that the Defendants' motion to dismiss be granted and that Massaquoi be denied any further leave to amend on the basis of futility. As such, the court adopts the Report of Judge Arbuckle as the opinion of this court, and Massaquoi's objections are overruled.

Finally, because the court is adopting the Report which recommends dismissal of the amended complaint with prejudice, the two additional motions that Massaquoi attached to his objections to the Report, (Doc. 62-1, at 1-3) are **DENIED AS MOOT**.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The Report of Judge Arbuckle, (Doc. 61), is **ADOPTED IN ITS ENTIRETY**;

**(2)** Massaquoi's objections to the Report, (Doc. 62), are **OVERRULED**;

**(3)** The Defendants' motion to dismiss, (Doc. 55), is **GRANTED**;

**(4)** Massaquoi's amended complaint, (Doc. 27), is **DISMISSED WITH PREJUDICE**;

**(5)** Massaquoi's motion for application of *in forma pauperis* and continuation of *in forma pauperis* status and his motion for appointment of counsel, (Doc. 62-1, at 1-3), are **DISMISSED AS MOOT**; and

**(6)** The Clerk of Court is direct to **CLOSE THE CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 21, 2020**
17-938-01